UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HEIDI DAVONNE BROWN,

    Plaintiff,

v.                                           CAUSE NO. 3:23-CV-1020 DRL-MGG

BRICKYARD HEALTHCARE
FOUNTAINVIEW CARE CENTER,

    Defendant.

## OPINION AND ORDER

Heidi Davonne Brown, proceeding *pro se*, filed this case on November 29, 2023. After the court advised her that her first two complaints were deficient, she filed a second amended complaint on March 18, 2024. She sues Brickyard Healthcare Fountainview Care Center for employment discrimination under Title VII of the Civil Rights Act. The operative complaint also references the Health Insurance Portability and Accountability Act (HIPAA), the Occupational Safety and Health Administration (OSHA), and worker rights and residents' rights violations.

On May 30, 2024, Brickyard moved to dismiss the second amended complaint for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The court ordered Ms. Brown to respond by June 24, 2024. She did not timely respond but has made various other filings. The court grants the motion to dismiss.

## BACKGROUND

Accepting all well-pleaded allegations as true and taking all reasonable inferences in Ms. Brown's favor, these facts emerge. On August 22, 2022, Ms. Brown was hired as a unit manager at Brickyard for $35 hourly [15 at 5 ¶ 12]. She was given a drug test that day [15 at 5 ¶ 14]. Two days later, she placed disinfectants, gloves, and other personal protective equipment into the restrooms at work, but they were removed on numerous occasions [15 at 5 ¶ 10].

On September 18, 2022, Ms. Brown administered a coaching opportunity to Cheyanne Schwertner, who the court infers is a Brickyard employee [15 at 5 ¶ 9]. On December 14, 2022, Angie Carire—again who the court infers is a Brickyard employee—wrote a letter addressed to the South Bend Housing Authority regarding Ms. Brown's employment status [15 at 5 ¶ 17].

On February 2, 2023, Ms. Carire was made aware via email of receipt of a background check control number [15 at 4 ¶ 7, 18]. That same day, Ms. Carire continued to be concerned about Ms. Brown's background check and told her, "We will have to terminate you if you fail to complete the required background check" [15 at 5 ¶ 18].

On an unknown date, Ms. Brown was mocked and confronted at the reception desk by Brickyard representative Ms. Shull, who told Ms. Brown she wasn't allowed to wear her earrings and nose ring [15 at 4 ¶ 4]. Ms. Brown explained that they were a part of her spiritual belief and that she usually covered them when performing. Ms. Shull questioned how it was a part of her spiritual beliefs in front of other people until Ms. Brown excused herself [*id.*].

On May 18, 2023, Ms. Brown was reverted to the position of floor nurse at an hourly rate of $30.60 [15 at 5 ¶ 13]. On June 19, 2023, Brickyard representative Robin Shull told Ms. Brown she needed additional training, though Ms. Brown was unable to determine why additional training was needed despite various inquiries [15 at 4 ¶ 1]. At some unknown times, several grievances were completed regarding employee-to-employee treatment, performances, and incidents [15 at 5 ¶ 15].

At some point, Ms. Brown showed for a training meeting with director of nursing Kimberly Snyder, but Ms. Snyder was "unprepared, however able to produce 3 documents stating that [Ms.] Brown completed a medication error" [15 at 4 ¶ 2]. Ms. Brown requested copies of these documents but was refused [*id.*]. Ms. Brown was terminated after the meeting [15 at 4 ¶ 3]. Her employment ended on August 3, 2023 [15 at 5]. She requested the termination be placed in writing but was refused [*id.*].

2

On August 1, 2023, Ms. Brown completed a charge of discrimination with the South Bend Human Rights Commission [15 at 5 ¶ 11]. On December 4, 2023, she filed a complaint with the State Attorney General [15 at 5 ¶ 19]. On January 22, 2024, Ms. Brown contacted the United States Department of Health and Human Services to "report the sanitation and right to clean environment" [15 at 5 ¶ 20]. On March 11, 2024, Ms. Brown made an OSHA complaint regarding sanitation and health risk [15 at 5 ¶ 21].

## STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations," *id.*, but "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to [a] presumption of truth," *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011). A claim must be plausible, not probable. *Indep. Tr. Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley*, 671 F.3d at 616 (quotation and citation omitted).

## DISCUSSION

Ms. Brown first raises claims under Title VII—seemingly for employment discrimination, retaliation, and hostile working environment. Ms. Brown cannot proceed on her Title VII claims because she has not included a right-to-sue letter from the Equal Employment Opportunity

Commission. As the court informed Ms. Brown previously [6 at 3], a plaintiff suing an employer under Title VII must first exhaust certain administrative requirements before she can file suit. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). First, she needs to file a charge with the EEOC. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019). Next, she must receive a right-to-sue letter from the EEOC, at which time she has ninety days to file suit in federal court. *See* 42 U.S.C. § 2000e-5(f)(1). She must exhaust this administrative remedy as a precondition to bringing a private claim. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009); *see also Fort Bend*, 139 S. Ct. at 1846 ("Title VII's charge-filing instruction is not jurisdictional."). This requirement exists to provide the employer with notice of the conduct at issue and so the EEOC and employer can investigate and settle the matter out of court. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Because of this, "a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Id.*

Ms. Brown has not submitted a copy of any right-to-sue letter with her second amended complaint or with any of her other filings. She does not mention the EEOC or her right to sue in the operative complaint. The court previously informed Ms. Brown that she must allege receipt of a right-to-sue letter in her complaint before her federal lawsuit could move forward. Although the court afforded her an opportunity to fix the problem with a second amended complaint, she has failed to do so. Accordingly, the court will dismiss her Title VII claims.

Ms. Brown also raises various other claims. She claims Brickyard violated the Health Insurance Portability and Accountability Act (HIPAA). HIPAA does not create a private right of action. *See Dittmann v. ACS Hum. Servs. LLC,* 210 F. Supp.3d 1047, 1054 (N.D. Ind. 2016). "Only the Secretary of Health and Human Services or the Attorney General of a state may bring an enforcement action under HIPAA." *Id.* This claim is dismissed.

Next, Ms. Brown asserts violations of Occupational Safety and Health Administration (OSHA) regulations, but OSHA does not authorize a private cause of action. The statute authorizes

4

a person to report violations to the Secretary of Labor, who is then charged with enforcing the statute. 29 U.S.C. § 660(c)(2); *see also Doyle v. Indiana Packers*, 2022 U.S. Dist. LEXIS 232432, 3 (N.D. Ind. Dec. 28, 2022); *Thornton v. AT&T Mobility Servs.*, 2010 U.S. Dist. LEXIS 95540, 11 (C.D. Ill. Sept. 14, 2010).

Ms. Brown also references claims for "residents rights," [15 at 1] "blacklisting," "redlining," and "hate crime." [15 at 5]. Even with a liberal reading of the complaint, Ms. Brown has not pleaded any facts related to these claims. Conclusory allegations like this aren't enough. *See McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) ("legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to [a] presumption of truth").

Finally, Ms. Brown made various filings in this case since the motion to dismiss was filed. She moved to amend her complaint once more, saying that she has filed several complaints with several agencies who are conducting investigations and she requires additional time to seek counsel [24]. The court denies this request. Ms. Brown has had three opportunities and over seven months to perfect her complaint. Despite this, Ms. Brown has not been able to piece together a sufficient complaint. Once a plaintiff has had one or more opportunities to cure the defects but fails, the court may dismiss claims with prejudice. *See Dittman v. ACS Hum. Servs. LLC*, 2017 U.S. Dist. LEXIS 29242, 14-15 (N.D. Ind. Mar. 1, 2017) (dismissing plaintiff's third amended complaint with prejudice when plaintiff failed to allege sufficient factual matter and it appeared he would never be able to do so); *see also Norman v. N.W. Ind. CA Section 8*, 2021 U.S. Dist. LEXIS 183106, 12 (N.D. Ind. Sept. 24, 2021) (dismissing second amended complaint with prejudice when the plaintiff had been given opportunities to amend her complaint).

She also filed two unsigned motions—one to proceed to trial [27] and one to "vacate/dismiss" the motion to dismiss [33]. Rule 11(a) requires that every filing be signed by an attorney of record, or by the party personally if the party is unrepresented. Fed. R. Civ. P. 11(a). For these reasons, the court

will strike Ms. Brown's unsigned requests. Ms. Brown also filed to motions for discovery [29, 30]. As all her claims have been dismissed, the court will deny these motions as moot.

## CONCLUSION

Accordingly, the court DENIES Ms. Brown's motion to amend [24], DENIES AS MOOT her motions for discovery [29, 30], STRIKES her unsigned motions [27, 33], GRANTS Brickyard's motion to dismiss [23], and DISMISSES the case with prejudice.

SO ORDERED.

July 17, 2024                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court